ᕈᅥᄁᄁ

F U L E D

OCT 17 2016

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE CIRCUIT COURT CLERK
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS _____ D.C.
BY

DIANE H. MONTGOMERY,

      Plaintiff,

v.

No. CT-004207-16
JURY DEMANDED
DIV IX

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, by and through the undersigned attorney, and for cause against

the Defendant, would respectfully state as follows:

### PARTIES

1.      Plaintiff Diane Montgomery is an adult resident of Shelby County residing therein

at 8259 Walnut Hollow Cove, Cordova, Tennessee 38018. Plaintiff brings this cause of action to

recover all damages to which she may be entitled under the law.

2.      Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a

corporation doing business in Shelby County, Tennessee, whose principal business address is

Three State Farm Plaza South, Bloomington, Illinois 61791-0001. Pursuant to T.C.A. § 56-2-501

*et seq.*, State Farm may be served through the Tennessee Department of Commerce and

Insurance.

## JURISDICTION AND VENUE

Plaintiff incorporates by reference as if fully set forth each and every allegation in the Complaint.

3.     All of the wrongs complained of occurred within Shelby County, Tennessee.

4.     This Court has jurisdiction.

5.     This case was filed within the applicable statute of limitations.

6.     Venue is proper.

7.     Defendant has been properly served with process.

## FACTUAL ALLEGATIONS

Plaintiff incorporates by reference as if fully set forth each and every allegation in the Complaint.

8.     This cause of action arises out of an insurance contract between Plaintiff Diane Montgomery and Defendant State Farm for an All-Terrain Vehicle purchased on or about November 20, 1992 at Al's Cycle Shop in Memphis, Tennessee.

9.     The vehicle was originally purchased by Plaintiff's husband, Bobby Montgomery, who died in October of 2013 vesting the rights to the title of the vehicle in Plaintiff Diane Montgomery.

10.     On or about December 3, 2015, the vehicle sustained fire damage while at the lake house of Chip Bray, Plaintiff's nephew, and was rendered completely unusable.

11.     Subsequently, Plaintiff filled out an insurance claim on the vehicle to attempt to recover the amount of the policy, which was approximately one-third of the original purchase price.

12.     To complete the claim, Plaintiff was required to fill out a form giving Defendant

State Farm power of attorney in order to transfer the title rights of the damaged All-Terrain Vehicle.

13. Plaintiff filled out the aforementioned form on May 10, 2016, in the presence of a notary. Accordingly, the notary signed and stamped the form on May 10, 2016, and the document was sent to Defendant State Farm.

14. On or about June 20, 2016, Defendant State Farm returned the form claiming that it had not been filled out by Plaintiff and that the form was completely blank with the exception of the notary signature and stamp.

15. Upon information and belief, Defendant State Farm used "white-out" or some other masking agent in order to remove Plaintiff's signature and the date written on the original power of attorney form.

16. Defendant State Farm presented the altered form in order to further delay or potentially deny Plaintiff's valid insurance claim.

17. Defendant State Farm has a duty to operate with good faith and fair dealing when handling the insurance claims of their clients.

18. Defendant State Farm has a duty to honor the terms of the insurance contracts between them and their clients and not to unduly delay or unfairly deny valid claims.

## LIABILITY

### Count 1 – T.C.A § 56-8-104(5): Unfair Trade Practices

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

19. Defendant State Farm knowingly altered the power of attorney form to remove the Plaintiff's name and signature.

20.     Defendant held the altered document out as legitimate in order to delay paying the

insurance claim and to dissuade Plaintiff from continuing to pursue the insurance claim.

### Count 2 – T.C.A. § 56-7-105: Bad-Faith Failure to Pay Promptly

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation

in the Complaint.

21.     Defendant State Farm refused to pay for the loss of Plaintiff's All-Terrain Vehicle

because Plaintiff's signature was not on the power of attorney form.

22.     Plaintiff's signature was not on the power of attorney form because Defendant

State Farm altered the document in a way that erased Plaintiff's signature from the power of

attorney form.

23.     Defendant's conduct in refusing to pay Plaintiff's insurance claim by altering the

power of attorney form amounts to bad faith.

24.     Defendant's refusal to pay for Plaintiff's loss inflicted additional expense, loss, or

injury upon Plaintiff.

### Count 3 – Breach of Contract

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation

in the Complaint.

25.     Plaintiff Diane Montgomery had a valid and enforceable contract for insurance on

the aforementioned all-terrain vehicle.

26.     Under the terms of that contract, express or implied by law, Defendant State Farm

was required to conduct a fair and equitable evaluation of any claim Plaintiff might make

pursuant to her policy for any loss she sustained.

27.     Under the terms of that contract, express or implied by law, Defendant State Farm

had a duty of good faith and fair dealing in the process of handling any claim that Plaintiff might

make pursuant to her policy for any loss she sustained.

28.     Defendant breached that duty when it intentionally altered a notarized document

to avoid or delay paying Plaintiff's claim.

## COMPENSATORY DAMAGES

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation

in the Complaint.

29.     As a direct and proximate result of Defendant State Farm's actions Plaintiff Diane

Montgomery was damaged. The damages for which Plaintiff seeks compensation include, but are

not limited to:

      a.     the amount of the insurance claim;

      b.     statutory and discretionary costs;

      c.     all other relief, both general and specific, to which she may be entitled
           under the premises.

## PUNITIVE DAMAGES

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation

in the Complaint.

30.     The actions of Defendant State Farm complained of herein consitute intentional,

fraudulent, malicious, and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of

punitive damages.

## PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Diane Montgomery sues

Defendant State Farm for her injuries and prays for a judgment against the Defendant for

compensatory damages in an amount considered fair and reasonable by a jury and that is no less

than Twenty-Five Thousand Dollars ($25,000.00), and for all such relief, both general and

specific, to which she may be entitled under the premises.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Diane Montgomery sues

Defendant State Farm for her injuries and prays for a judgment against the Defendant for punitive

damages in an amount considered fair and reasonable by a jury and that is no less than Twenty-

Five Thousand Dollars ($25,000.00), and for all such further relief, both general and specific, to

which she may be entitled under the premises.

Respectfully submitted,

BAILEY & GREER, PLLC

R. Sadler Bailey (#11230)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax:     (901) 680-0580

FILED

OCT 17 2016

CIRCUIT COURT CLERK

BY _____ D.C.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DIANE MONTGOMERY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.

No. CT-004207-16

JURY DEMANDED

DIV IX

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

COMES NOW the Plaintiff, by and through the undersigned attorney, and pursuant to Tennessee Rules of Civil Procedure 26, 33 and 34, and propound the following Interrogatories and Request for Production of Documents to State Farm Mutual Automobile Insurance Company to be answered separately and fully under oath within FORTY-FIVE (45) days of the date of service thereof. Said Interrogatories and Request for Production of Documents are directed to the Defendant, but include inquiry regarding information within the knowledge of the Defendant, its attorneys, employees, or anyone else acting on its behalf. Further, said Interrogatories and Request for Production of Documents are to be considered continuing, requiring the supplementation of an answer in the event new information is obtained by the Defendant, its attorneys, employees, or any other persons acting on its behalf subsequent to the time the Defendant's original answers are served upon the Plaintiff.

## DEFINITIONS

As used in these Interrogatories and Requests for Production of Documents served herewith, the following definitions and instructions shall apply:

[i]. As used herein, the terms "you," "your," or "yourself" refer to the Defendant, and each agent, representative, attorney, or other person acting or purporting to act for said Defendant.

[ii]. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

[iii]. As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person or persons who own, operate, and control the business.

[iv]. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or mode of conveying information, including but not limited to telephone, facsimile, any broadcast media or any other form, whether written or spoken.

[v]. As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, facsimile, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody or control.

[vi]. As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, wherever applicable, it should have the same meaning as the word "and."

[vii]. With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

[viii]. If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefore.

## INTERROGATORIES

**INTERROGATORY NO. 1**: State the full name, address, employer, and job title of the individual answering, or any individuals who participated in answering, these interrogatories and request for production of documents.

**ANSWER:**

**INTERROGATORY NO. 2**: Please state the full name, address, telephone number, employer, and job title of any person(s) known to have knowledge of the any of the circumstances relevant to the incident and damages alleged in the Complaint, including not only the events of the occurrence itself, but also the events immediately preceding and subsequent thereto and investigation into said incident, and state the expected testimony of each alleged witness regarding this incident.

**ANSWER:**

**INTERROGATORY NO. 3**: Please state the full name, address, and telephone number of any person or entity who inspected, reviewed, or handled any part of the claims process involving Plaintiff Diane Montgomery's All-Terrain Vehicle.

**ANSWER:**

**INTERROGATORY NO. 4**: With respect to any expert witnesses you intend to call at the

trial of this action, please identify said expert, state the subject matter upon which the expert is expected to testify, and state the substance of the facts and opinion to which the expert is expected to testify, and a summary of the grounds for each opinion.  In addition, please provide each witnesses's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER:**

**INTERROGATORY NO. 5:** Do you contend that any other person, entity or thing contributed to the cause of the damages alleged in the Complaint? If so, please state the following:

    a.       The name, address, and telephone number of such person, entity, or thing.

    b.       The factual basis of your contention that the person, entity, or thing contributed to the damages alleged.

    c.       The name, address, and telephone number of each person who has knowledge or claims to have knowledge of such facts.

**ANSWER:**

**INTERROGATORY NO. 6:** If you asserted any affirmative defense(s) in your Answer to the Complaint, please set for the factual basis for each and every affirmative defense raised.

**ANSWER:**

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

**REQUEST NO. 1:**   Please produce a copy of any and all insurance agreements between Defendant State Farm and Plaintiff Diane Montgomery.

**RESPONSE:**

**REQUEST NO. 2:**    Please produce any and all documents relating to the claims process for Plaintiff's All-Terrain Vehicle.

**RESPONSE:**

**REQUEST NO. 3:**    Please produce any and all documents instructing State Farm personnel on how to manage claims, including but not limited to, any training manuals, employee handbooks/manuals, any office memos instructing personnel how to handle claims, and any other written or recorded instruction that is relied upon by State Farm personnel when processing a claim.

**RESPONSE:**

Respectfully submitted,

R. Sadler Bailey (#11230)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax:    (901) 680-0580

## IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

OCT 17 2016

CIRCUIT COURT CLERK
BY_____

| | |
|---|---|
| Diane Montgomery | ) |
| _____ | ) |
| Plaintiff, | |
| Vs. | ) No. CT-004207-14 |
| State Farm Mutual Automobile Insurance, Co. | ) |
| _____ | ) DIV IX |
| Defendant. | ) |

### COST BOND

I/We, Diane Montgomery _____ as Principal(s), and
R. Sadler Bailey/Bailey & Greer _____, as Surety are held and firmly bound unto the Circuit Court Clerk of Shelby County, Tennessee for the payment of $500.00 Surety costs against the principal(s). To that end, we bind ourselves, our heirs, executors and administrators.

The Principal(s) is/are commencing legal proceedings in the Circuit Court for Shelby County, Tennessee. If the Principal(s) shall pay(s) $500.00 costs, which are adjudged against them, then this obligation is void. If the Principal(s) fail(s) to pay, then the surety shall undertake to pay $500.00 costs adjudged against the Principal(s) mandated at Tennessee Code Annotated § 20-12-120 et seq.

### PRINCIPAL(S)

| | |
|---|---|
| Diane Montgomery | |
| Principal | Principal |
| Social Security # _____ | Social Security # _____ |
| 8259 Walnut Hollow Cove | |
| Street Address | Street Address |
| Cordova, TN 38018 | |
| City, ST, Zip | City, TN, Zip |
| | |
| Employer | Employer |
| | |
| Employer's Street Address | Employer's Street Address |
| | |
| City, ST, Zip | City, ST, Zip |
| | |
| Surety | Surety |

### SURETY

| | |
|---|---|
| R. Sadler Bailey/Bailey & Greer | 6256 Poplar Avenue |
| Surety | Street Address |
| | |
| _Signature_ | Memphis, TN 38119 |
| | City, ST, Zip |

3

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

FILED
NOV 07 2016
CIRCUIT COURT CLERK
BY_____D.C.

October 28, 2016

State Farm Mutual Auto Ins Company
2908 Poston Avenue, C/O C S C
Nashville, TN  37203
NAIC # 25178

Certified Mail
Return Receipt Requested
7016 0750 0000 2777 2872
Cashier # 28770

Re:   Diane H. Montgomery  V.  State Farm Mutual Auto Ins Company

Docket # Ct-004207-16

To Whom It May Concern:  ·

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served October 26, 2016, on your behalf in connection with th
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn  38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-004207-16

⦿ Lawsuit
◯ Divorce

Ad Damnum $ _____

| Diane H. Montgomery | DIV IX VS | State Farm Mutual Automobile Insurance Co. |
|---|---|---|

Plaintiff(s)                                   Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

State Farm Mutual Automobile Insurance Co., through the Tennessee Commissioner of Insurance
Claim #: 42-800B-301

**Method of Service:**
◯ Certified Mail
◯ Shelby County Sheriff
⦿ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on R. Sadler Bailey                    Plaintiff's

attorney, whose address is 6256 Poplar Avenue, Memphis, TN 38119

telephone (901) 680-9777          within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED ___10/17/16___          By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE , Clerk / DONNA RUSSELL, Clerk and Master   By: _____ , D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ , 20 _____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____
Signature of person accepting service            Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20 _____ .

By: _____
           Sheriff or other authorized person to serve process